```
          UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Air Line Pilots Association,
International

    v.                              Civil No. 04-cv-331-JD
                                       Opinion No. 2005 DNH 106

Guilford Transportation
Industries, Inc. *et al.*

O R D E R

On October 13, 2004, this court adopted the magistrate's report and recommendation for the entry of a Railway Labor Act injunction against the defendants, Guilford Transportation Industries, Inc., Pan American Airways Corp., and, Boston-Maine Airways Corp. Following an evidentiary hearing on September 9 and 10, 2004, the magistrate concluded that the defendants had created a "major dispute" within the meaning of the Act and also violated section 152, Third and Fourth, through what the magistrate had characterized as the "transfer" of 727 operations from their unionized airline, Pan Am, to its non-unionized affiliate, Boston-Maine. 360 F. Supp. 2d 248 (D.N.H. 2004).

On appeal, however, the circuit determined that this court "did not apply the correct legal standards" in reaching these conclusions. 399 F.3d 89, 92 (1st Cir. 2005). The right standard, the circuit held, was "whether the employer itself went out of business so that its union work could be transferred to

its ununionized [*sic*] affiliate." Id. at 102.  The circuit therefore remanded the case here "for further proceedings consistent with [its] opinion." Id. at 92.  Before taking up the case on remand, the court asked the parties for their views on what the "further proceedings" should encompass.  Accordingly, following the circuit's issuance of its mandate on the judgment on April 18, 2005, and the lapse of ten days without any suggestion from the parties as to what should happen next, this court issued an order directing the plaintiff to "show cause by May 10, 2005, why this case should not be closed."

The plaintiff, Air Line Pilots Association, International ("ALPA"), responded by announcing its intention "to avail itself of the opportunity to demonstrate that Defendants chose to shut down Pan Am 'so that its union work could be transferred to its ununionized affiliate.'"  Resp. to Show Cause Order ¶ 3 (quoting 399 F.3d at 102)).  ALPA wishes to pursue discovery, not only on "the disputed issues to be determined on remand" but also "on all issues in light of the First Circuit's remand ruling." Id. ¶¶ 6-7.  Together with its response, ALPA has moved for a conference with the court to structure this discovery.

The defendants, however, argue that the circuit's decision limits the inquiry on remand to events that have occurred subsequent to the evidentiary hearing before the magistrate and that discovery on any other subject is therefore inappropriate.

2

Indeed, the defendants contend that because "ALPA has not identified any facts, circumstances, or issues related to its claim that have arisen since the [hearing] . . . there is nothing left for the Court to do following remand except to issue a revised judgment and a new closing order."  Mem. Close Case at 1.

As an initial matter, the court notes that the defendants appear to have misconstrued its order requiring ALPA to show cause why the case should not be closed.  The purpose of the order was to determine (1) whether ALPA wished to resume its prosecution of the case on remand at all and (2) if so, how the parties envisioned the case would proceed based on the decision of the court of appeals.  The order was not intended to require ALPA to make any evidentiary showing, as the defendants suggest, nor would such a requirement be appropriate at this point.

The court also disagrees with the defendants' interpretation of the circuit opinion to cabin the inquiry on remand to events that have transpired since the hearing.  The defendants arrive at this reading by dismembering the passage that closes the circuit's analysis of ALPA's claim for relief under the RLA, Mem. Close Case at 2-3, which states in full that:

> The upshot is that district court erred by miscon-
> ceiving the proper inquiry and thus erred in its
> determination that ALPA was likely to succeed on the
> merits of its claims . . . .  [T]his error requires
> that we vacate the district court's decree.  We do so,
> however, without prejudice to further proceedings in
> that court.  Although it seems doubtful that the union

> can succeed on the record as it now stands, further
> developments have occurred (e.g., Pan Am's actual
> closing) and we think it just that the union be given
> the opportunity, should it choose, to adduce additional
> evidence and attempt to make out a winning case.

399 F.3d at 105. Had the circuit concluded that events which preceded the evidentiary hearing could not support ALPA's claim as a matter of law, it would likely have used language to that effect. But the circuit did not go nearly that far. Instead, it expressed "doubt" that the existing <u>record</u> of those events, <u>i.e.</u>, the facts adduced at the evidentiary hearing, could satisfy the standard for relief under the RLA as illuminated in the opinion. The court of appeals did not purport to assess events that occurred before the hearing but were not, for whatever reason, the subject of the evidence received there; indeed, any such assessment would necessarily have been highly speculative.[1]

Thus, although events that have occurred since the hearing (of which "Pan Am's actual closing" constitutes but one example) may also inform the inquiry on remand, this court does not read the circuit opinion as limiting the inquiry to such events. As the court of appeals expressly stated elsewhere in the opinion, ALPA "should be entitled to attempt to demonstrate, on remand, that Pan Am was shut down only because it was possible to transfer its union-flown routes to a non-union affiliate--and, if

---

[1]In addition, such an assessment could not be said to be "without prejudice" to further proceedings in this court.

so, that a major dispute was thereby created." 399 F.3d at 103. While the circuit has given ALPA "long shot" odds in such a contest, id., it has stopped short of declaring the defendants the outright winners. This court must therefore resume proceedings in this matter, "properly focused . . . on whether [Pan Am] itself went out of business so that its union work could be transferred to [Boston-Maine]." Id. at 102.

Given this focus, ALPA will not be entitled to engage in discovery "on all issues," as it proposes in its response to the court's show cause order. Indeed, ALPA's submissions offer no clue as to what other "issues" there are.[2] Discovery and all further proceedings in this case shall be directed toward ALPA's claim that "Pan Am was shut down only because it was possible to transfer its union-flown routes to a non-union affiliate--and, if so, that a major dispute was thereby created." 399 F.3d at 103. But discovery and further proceedings shall not be limited to events that have occurred since the evidentiary hearing in the manner the defendants suggest.

The defendants' arguments that ALPA has foregone its rights to any discovery by objecting to the defendants' request for a continuance of the evidentiary hearing for that purpose, or by

---

[2]The court dismissed ALPA's non-RLA claims in its order of October 20, 2004, and denied ALPA's motion for reconsideration of that order on December 6, 2004. ALPA did not appeal either of these decisions.

failing to object to the court's order transforming the injunction into a final judgment, are also without merit.  ALPA believed, and both the magistrate and this court agreed, that it had demonstrated its entitlement to an RLA injunction based on the facts adduced at the evidentiary hearing in September.  As the court concluded in entering final judgment, there was no reason for further proceedings at that point.  Indeed, the defendants themselves apparently agreed with that conclusion, as they declined the court's invitation to show cause why final judgment should not enter.  Now that the circuit has clarified the standard for injunctive relief under the RLA, the court believes that discovery is an appropriate means for the parties to marshal facts going to whether that standard has been met.  Accordingly, the parties shall confer in the manner provided by Fed. R. Civ. P. 26(f) as soon as possible to formulate a proposed scheduling order in this matter.  The order shall be submitted to the court by July 18, 2005.

Finally, following the parties' submissions in response to the order to show cause why the case should not be closed, the court ordered ALPA to submit a reply brief describing any relief still available to it under the RLA and gave the defendants the opportunity to file a sur-reply.  Having reviewed the parties' submissions on this point, the court believes that any decision on the continued availability of RLA relief would be premature at

this time.  However, the court expects the parties to address this issue comprehensively in further submissions and at any future evidentiary hearing otherwise dealing with the merits of ALPA's claim for relief in this matter.

<u>Conclusion</u>

For the foregoing reasons, the defendants' request to close the case is denied.  ALPA's motion for a structuring conference (contained in document no. 111) is also denied.  Discovery and all further proceedings in this matter shall be directed toward ALPA's claim that Pan Am was shut down only because it was possible to transfer its union-flown routes to a non-union affiliate--and, if so, that a major dispute was thereby created within the meaning of the RLA.  The parties shall confer to formulate a proposed scheduling order as soon as possible and shall submit the proposed order to the court by July 18, 2005.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 8, 2005

cc:  R. Matthew Cairns, Esquire
     Julie P. Glass, Esquire
     Eric L. Hirschhorn, Esquire
     Marie M. McPartlin, Esquire
     Marcus C. Migliore, Esquire

```
William G. Miossi, Esquire
Joseph E. Schuler, Esquire
Andrew W. Serell, Esquire
```