UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Air Line Pilots Association,</u>
<u>International</u>

    v.                                              Civil No. 04-cv-331-JD

<u>Guilford Transportation</u>
<u>Industries, Inc., et al.</u>

**O R D E R**

Defendants move to compel seven unredacted emails withheld from production by plaintiff. Plaintiff asserts work product protection as to the seven emails.

<u>Background</u>

Five of the seven emails are between plaintiff's counsel and Robert Barnes, a former management employee of defendant Pan American Airways Corporation. The other two emails are from legal counsel for the plaintiff to FAA employees. Plaintiff asserts work product protection for the documents. Defendant asserts that any such protection has been waived by counsel's delivery of the documents to the FAA or Mr. Barnes.

<u>Discussion</u>

Fed. R. Civ. P. 26(b)(3) provides work product protection from discovery of documents which are otherwise discoverable but

which were "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . ."  "The party seeking work product protection has the burden of establishing its applicability." In re Grand Jury Subpoena, 220 F.R.D. 130, 140 (D.Mass. 2004) (citations omitted).  Where, as here, an "opponent alleges a specific disclosure, the burden of proof is upon the claimant to show nondisclosure wherever that is material to the disposition of the claim."  United States v. Massachusetts Institute of Technology, 129 F.3d 681, 686 (1st Cir. 1997).

### 1.  FAA COMMUNICATIONS

Exhibits 5 and 13 are emails to FAA employees.  The redacted paragraphs relate to requests for information, the substance of which relate to the matters raised in this case.  They appear to be part of counsel's factual investigation on issues in this case.  However, since the communications are clearly subject to disclosure upon a FOIA request, plaintiff had no reasonable basis to believe they would be kept confidential.  Thus, plaintiff fails to sustain his non-waiver burden on the second prong of the waiver inquiry. See Ken's Foods, Inc. v. Ken's Steak House, 213 F.R.D. 89, 96 (D.Mass. 2002).  Exhibits 5 and 13 are ordered

produced in unredacted form.

## 2. BARNES COMMUNICATIONS

Exhibits 6, 9, 10, 11 and 12 are emails to or from Robert Barnes and plaintiff's attorneys. They deal with investigation of facts to develop plaintiff's theories on this case. It is clear that Barnes and ALPA were not adverse parties nor are they likely to become adverse parties. The questions to and responses from Barnes are the type of documents protected by the work product rule. See Hickman v. Taylor, 329 U.S. 495, 511-12 (1947); In re Grand Jury Subpoena, 599 F.2d 504, 511-12 (2d Cir. 1979). The motion is denied as to Exhibits 6, 9, 10, 11, and 12.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 10, 2006

cc:  R. Matthew Cairns, Esq.
     Julie P. Glass, Esq.
     Eric L. Hirschhorn, Esq.
     Marie M. McPartlin, Esq.
     Marcus C. Migliore, Esq.
     William G. Miossi, Esq.
     Gina M. Petro, Esq.
     Andrew W. Serell, Esq.